# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**EMILIANO AGUIRRE-BEISA,**

5314 ILEX AVE,
LOUISVILLE, KY 40213

**NECLA K. LANE**

Lane Legal Services, P.C.
5901 N. Cicero Ave.
Suite 101
Chicago, IL 60646

      Plaintiffs

        v.

**EXECUTIVE OFFICE OF
IMMIGRATION REVIEW**,

5107 Leesburg Pike, Suite 1903
Falls Church, VA 2053

      Defendant

Case No.:

COMPLAINT

## COMPLAINT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the Executive Office of Immigration Review to immediately produce the record of proceedings, including audio tapes of all hearings, in its File No. A 088 023 466, pertaining to Emiliano Aguirre-Beisa.

## PARTIES

2.      Emiliano Aguirre-Beisa is a citizen of Mexico, who is physically present in, but has been ordered removed from, the United States.

3.     Necla Lane is a citizen of the United States residing in the State of Illinois, a member of the Illinois State Bar, and Mr. Aguirre-Beisa's attorney.

4.     The Executive Office of Immigration Review (EOIR) is an agency of the United States, residing in the District of Columbia, and has possession of and control of the record of proceedings, including audio tapes of all hearings, in its file No. A 088 023 466, pertaining to Emiliano Aguirre-Beisa.

## JURISDICTION

5.     Since this is  a civil action against the United States arising under  the Freedom of Information Act,  a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## FACTS GIVING RISE TO THIS COMPLAINT

6.     On approximately October 4, 2013, Necla Lane filed with the Executive Office of Immigration Review a request pursuant to the Freedom of Information Act, in accordance with the EOIR's published rules, seeking a complete copy of the record of proceedings, including a recording of all hearings, pertaining to In re EMILIANO AGUIRRE-BEISA A088-023-466, describing her request as "Urgent".

7.     By letter dated October 18, 2013, the Executive Office of Immigration Review (EOIR) responded to this request in material part as follows:

> Ordinarily, FOIA requires an agency to respond within 20 working days after receipt of the request. EOIR endeavors to meet this standard, however the FOIA does permit a ten day extension of this time period. Pursuant to 5 U.S.C. § 552(a)(6)(B), we are notifying you that due to 'unusual circumstances' an additional 10 day extension will be added to the standard processing time since your request either requires the collection of records from field offices, or involves a search for numerous documents that will necessitate a thorough and wide-range search of records at headquarters.

8.     The 30 working days which the EOIR stated it needed to respond to Ms. Lane's request expired on November 29, 2013.

9.  As of today Ms. Lane has still received no further response to her request.

## STATEMENT OF PERTINENT LAW

10.     5 U.S.C. § 552(a)(3)(A) provides that:

> Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as (E), each agency, upon

> any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

11.     5 U.S.C. § 552(a)(4)(B) provides in relevant part that "On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

21.     5 U.S.C. § 552(a)(6) provides in relevant part that that "Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of the 20-day period under clause (i) shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations under this section to receive requests under this section. The 20-day period shall not be tolled by the agency except--

> (I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such

4

information that it has reasonably requested from the requester under this section; or

(II) if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

(B)(i) In unusual circumstances as specified in this subparagraph, the time limits prescribed in either clause (i) or clause (ii) of subparagraph (A) may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. ... (C)(i) Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

CAUSE OF ACTION

22.     The EOIR, despite receiving the aforementioned request from Ms. Lane for a copy of the record of proceedings, including recordings of all hearings, in File No. A 088 023 466, pertaining to Emiliano Aguirre-Beisa, which  reasonably described such records and was made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, has failed to make that record  available to Ms. Lane.

23.     The EOIR, in responding to Ms. Lane's request, failed to comply with the applicable time limit provisions of 552 U.S.C. § 552(a)(6).

24.     Accordingly, Ms. Lane has exhausted her administrative remedies with respect to such request.

25.     The EOIR has improperly withheld from Ms. Lane a copy of the record of proceedings, including recordings of all hearings, in File No. A 088

023 466, pertaining to Emiliano Aguirre-Beisa.

26.    Therefore this Court should enjoin the EOIR from withholding the record of proceedings, including recordings of all hearings, in File No. A 088 023 466, pertaining to Emiliano Aguirre-Beisa and order the EOIR to provide Ms. Lane with a copy of that record and recordings.

Respectfully Submitted this 24th day of December, 2013

s/Michael E. Piston
Michael E Piston MI0002
Attorney for Plaintiffs
111 Broadway, Ste 1304
New York, NY 10006
646-845-9895
Fax: 206-770-6350
Michaelpiston4@gmail.com